945 F.2d 404
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby A. EASTON, Plaintiff-Appellant,
v.
Roger THOMAS, Rowan County Jailer, Rowan County Commission,
Frank Hatton, Wolfe County Jailer, Wolfe County
Commission, Defendants-Appellees.
 No. 91-5765.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Bobby A. Easton, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages, Easton sued Thomas and Hatton, jailers at the Rowan and Wolfe County, Kentucky jails, respectively, as well as the Rowan and Wolfe County Commissions asserting that his first amendment right of access to the courts was denied when he was incarcerated in the two jails, as a pre-trial detainee, for a period of approximately seventeen months without any access to legal materials. Easton also asserts that his right of access to the courts was denied because the two jails lack inmate law libraries or inmate legal advisors.
 
 
 3
 After de novo review of the magistrate judge's report and recommendation, in light of Easton's objections, the district court adopted the report and recommendation of the magistrate judge and dismissed the case as frivolous pursuant to 28 U.S.C. § 1915(d). Easton has filed a timely appeal. In addition, he has requested the appointment of counsel in his brief on appeal.
 
 
 4
 Upon review, we conclude that although Easton's suit is not frivolous within the meaning of 28 U.S.C. § 1915(d), the suit was subject to dismissal pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 5
 Easton's complaint simply does not allege facts sufficient to state a cause of action for denial of access to the courts. See, e.g., Bounds v. Smith, 430 U.S. 817, 828 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 6
 Accordingly, the request for counsel is hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.